# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO. 4:17-CR-00014-JHM**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**v.**

**GLEN ALLAN ALEY**                                                          **DEFENDANT**

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on a motion to suppress by defendant Glen Allen Aley.

(DN 23.) Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

According to Aley's motion, the government executed search warrants for his 1997

Dodge truck and his home. Both search warrants used the exact same language in describing

what items could be seized, including

> 2) Address and/or telephone logs reflecting customer names,
> addresses, and/or telephone numbers relating to the acquisition and
> disposition of illegal firearms and/or parts . . .
>
> . . .
>
> 6) Firearms and/or parts that are possessed with the intent to
> manufacture and/or convert them to fully automatic machine-guns
> – including, but not limited to, AR-15 type rifles and Glock semi-
> automatic pistols . . .

(Def.'s Mot. to Suppress [DN 23] at 1.)[1] In executing these warrants, the government seized

more than eighteen firearms, ammunition, several plastic gun cases, and a cell phone. As a

result, Aley has now been charged with one count of engaging in the business of dealing in

firearms without a license and nineteen counts of possession of an unregistered firearm. (Second

---

[1] Neither party has filed the search warrant with the Court, but the United States does not dispute that this language
was used in the warrant. (*See* Pl.'s Response [DN 34] at 2, 5) (quoting above language with approval).

Superseding Indictment [DN 30].)  He has moved to suppress all of the evidence seized under the two warrants.

## II. Discussion

### A. Whether The Warrants Were Overbroad

Aley first argues that the warrants were unconstitutionally overbroad.  While he asks for an evidentiary hearing, the Court finds that no testimony is necessary to resolve this issue, as only the warrant itself and the language used within are relevant to deciding whether the warrant was overbroad.  *See United States v. Lawhorn*, 467 F. App'x 493, 495 (6th Cir. 2012) ("A defendant is not entitled to an evidentiary hearing where his arguments are entirely legal in nature") (quotations omitted).

A search warrant is "unconstitutionally overbroad" if it violates the Fourth Amendment's particularity requirement.  U.S. Const. amend. IV ("no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing the place to be searched, and the persons or things to be seized*") (emphasis added).  "While a general order to explore and rummage is not permitted, the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought."  *United States v. Greene*, 250 F.3d 471, 477 (6th Cir. 2001) (quotations omitted).  "[A] description is valid if it is as specific as the circumstances and the nature of the activity under investigation permit."  *Id.* (quotations omitted).

The Court finds that the language used in the warrant to describe the items to be seized was sufficiently particular.  Almost all of the items listed in the warrant specifically pertain to Aley's alleged possession or sale of illegal firearms.  For example, the only firearms that were permitted to be seized were those that were "possessed with the intent to manufacture and/or

convert them to fully automatic machine-guns." (Def.'s Mot. to Suppress [DN 23] at 1.) Further, the government could only seize telephone logs that contained information "relating to the acquisition and disposition of illegal firearms and/or parts." (*Id.*) Thus, the warrant only authorized the seizure of those items that specifically pertained to Aley's alleged criminal behavior. Aley's argument focuses less on the breadth of the language in the warrant and more on the actual search that took place, which he argues included seizing items outside the scope of the warrant. But these two arguments must not be confused.[2] The particularity requirement focuses on whether the scope of the warrant is so great that it authorizes the government to seize more than that which is constitutionally permissible, and the Court sees no such issue with the warrants in this case.

### B. WHETHER THE GOVERNMENT CONDUCTED A GENERAL SEARCH

Next, Aley argues that the government conducted an unconstitutional general search that requires suppression of all the evidence seized. Again, while Aley asks for an evidentiary hearing, the Court does not find that testimony is necessary to resolve this issue, as the relevant facts are not in dispute, leaving the Court with only questions of law. *See Lawhorn*, 467 F. App'x at 495.

"The phrase 'general search' embodies a specific Fourth Amendment term of art, accompanied by particular rules, policies, and remedies." *United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007). Even if officers have a valid warrant, a search "may devolve into an invalid general search if the officers flagrantly disregard . . . the limitations of the search warrant." *Id.* (quotations omitted). However, in the Sixth Circuit, a search only becomes an unconstitutional

---

[2] Aley also devotes a separate section of his brief to the argument that certain items outside the scope of the warrant were seized, which the Court will address below.

general search if "an officer . . . exceed[s] the scope of the warrant *in the places searched*" (rather than the items seized)." *Id.* (quoting *Waller v. Georgia*, 467 U.S. 39, 43 n. 3 (1984)).

This point of law is fatal to Aley's argument. He argues that the search became an unconstitutional general search based upon the items that were seized, not the places that were searched. Thus, even if the government seized certain firearms, ammunition, gun cases, and cell phones that were not within the scope of the warrant, these facts would not allow the Court to conclude that the search was general in nature and suppress all of the evidence seized. According to Aley's motion, only his truck and home were searched, and both locations were within the scope of the warrant. He does note that, when the government executed the warrant to search his home, officers searched his wife and his child's backpack, which demonstrates the unnecessary breadth of the search. But "the test for determining if the officers engaged in an impermissible general search is whether their search *unreasonably* exceeded the scope of the warrant." *Id.* (citing *Brindley v. Best*, 192 F.3d 525, 531 (6th Cir. 1999)) (emphasis in original). Officers certainly were permitted to detain any residents while they executed the search warrant of Aley's home. *See Muehler v. Mena*, 544 U.S. 93, 99 (2005) ("An officer's authority to detain incident to a search is categorical"). And while the search of Aley's wife and child may have exceeded what was permissible incident to the warrant, it was not so unreasonable so as to turn the search into an unconstitutional general search. Officers were searching the home for illegal firearms pursuant to the warrant, and the search did not become a general search by officers ensuring that the residents of the home were not in possession of such firearms, as this does not amount to a flagrant disregard of the warrant's limitations. *See Bletz v. Gribble*, 641 F.3d 743, 755 (6th Cir. 2011) (noting that officers have an interest in "secur[ing] the scene of a valid search

. . . and ensur[ing] the safety of officers and others"). Thus, the Court concludes that no general search took place that would require suppress of all validly seized evidence.

## C. WHETHER CERTAIN ITEMS WERE SEIZED OUTSIDE THE SCOPE OF THE WARRANT

While Aley's arguments that all validly-seized evidence should be suppressed are unpersuasive, the Court will also consider whether individual items that were not within the scope of the warrant should be suppressed. According to the motion, there are four potential categories of evidence that were seized despite not being included in either warrant: ammunition, plastic gun cases, Aley's cell phone, and a number of firearms that cannot be converted into automatic weapons. If any of these seized items were not within the scope of the warrant, they must be suppressed. *See Garcia*, 496 F.3d at 507 ("where the officers unlawfully seize certain items but do not flagrantly disregard the limits of the warrant by unreasonably searching places not authorized in the warrant, the court must suppress the unlawfully seized items, but there is certainly no requirement that lawfully seized evidence must be suppressed as well") (quotations omitted).

Beginning with the ammunition and plastic gun cases, the government notes that these items will most likely not be admitted as evidence at Aley's trial. Based on this concession, the Court will **GRANT** the motion to suppress this evidence.

Turning to the seized firearms, the Court will not suppress this evidence on the basis that these firearms could not have actually been converted into automatic weapons. It was reasonable for the officers to seize the firearms that they did, even if some were not actually capable of conversion. *See United States v. Henson*, 848 F.2d 1374, 1383–84 (6th Cir. 1988) ("We do not think it is reasonable to have required the officers to sift through the large mass of documents and computer files found in the Hensons' office, in an effort to segregate those few papers that

were outside the warrant") (citations omitted).  Officers were not required to have complete knowledge of what firearms were capable of conversion into automatic weapons at the time they executed the warrants, and the Court will not suppress any of these firearms on that basis, as it will ultimately be the trier of fact who must decide whether these firearms meet the definition of a "machine gun" under 26 U.S.C § 5845(b).  Thus, the Court **DENIES** the motion to suppress this evidence.

The only issue that requires the Court to conduct an evidentiary hearing is whether Aley's cell phone was validly seized under the warrant.  The cell phone falls within the scope of warrant, as officers were allowed to seize "[a]ddress and/or telephone logs reflecting customer names, addresses, and/or telephone numbers relating to the acquisition and disposition of illegal firearms and/or parts."  It was reasonable for officers to believe that these telephone logs and numbers would be stored in Aley's cell phone.  But the government's response casts some doubt as to the sequence of events that led to the seizure of the phone.  The government states that Aley was stopped in his vehicle and asked to call his wife to inform her of the pending search of their home.  He was not arrested but agreed to an interview in which, after receiving Miranda warnings, he stated that he had used the phone to communicate with undercover agents.  It was after this interview that officers seized his phone.  The Court believes that the record must be developed on this issue, as it is unclear if the time and place in which the government seized the phone still allowed the government to act under the purview of the warrant to search the vehicle.  Further, the government's alternative argument that Aley consented to the seizure will also require testimony on the events surrounding his grant of consent.  As such, the Court defers its decision on this matter until trial.

## IV. CONCLUSION

Therefore, for the reasons stated herein, the motion to suppress by defendant Glen Allen

Aley is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART.**

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 6, 2018

cc: counsel of record